

```
UNITED STATES DISTRICT COURT           NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK                    BROOKLYN OFFICE
------------------------------------------------------------x
SYLVIA OLIVER,                         MEMORANDUM AND ORDER

                Plaintiff,

       -against-                       11-CV-1075 (ARR)

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND KELLY; SUPERVISING OFFICER OF
61 PRECINCT; MAYOR BLOOMBERG, Mayor of
New York City; DEPARTMENTAL SUPERVISING
OFFICER[S] OF POLICE OFFICERS; NEW YORK
CITY POLICE DEPARTMENT; GOV. ANDREW
CUOMO, Governor of New York; POLICE MAYO
BADGE NO 10258; POLICE OFFICER FOYE
BADGE NO 14235; and MICHAEL CARDOZA of
Corporation Counsel,

                Defendants.
------------------------------------------------------------x
ROSS, United States District Judge.
```

Plaintiff Sylvia Oliver, pro se, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutional rights arising out of two separate incidents at her apartment in Brooklyn. Plaintiff's request to proceed in forma pauperis is granted for the purpose of this order. Plaintiff's claims against the named defendants are dismissed. To the extent that plaintiff seeks to litigate claims related to the June 21, 2006 incident, she may file an amended complaint in which she identifies the individuals responsible for the alleged deprivation of her constitutional rights and shows cause why these claims are not time-barred by the relevant statute of limitations.

## BACKGROUND

Plaintiff claims that the commissioner and three officers of the New York City Police Department ("NYPD"), the mayor of New York City, the governor of New York State, and the

Corporation Counsel for New York City violated her constitutional rights. She alleges that the violations occurred during two separate incidents at her apartment operated by the New York City Housing Authority ("NYCHA") at 2364 Batchelder Street in Brooklyn.

First, plaintiff renews claims that she made in a previous action in this court regarding a physical eviction carried out on December 4, 2009. See Oliver v. N.Y. City Hous. Auth., No. 10-CV-3204 (ARR), 2011 WL 839110 (E.D.N.Y. Mar. 2, 2011) (dismissing the action pursuant to 28 U.S.C. § 1915(e)(2)(B)). Plaintiff now alleges that defendant police officers Mayo and Foye of the 61st Precinct assisted Marshal Justin Grossman in commencing "an illegal and constructive eviction." (Complaint ¶ 1.) She states that she informed defendants, by telephone, that the warrant of eviction was untimely, that no 72-hour notice had been given, and that she was disabled and would become homeless. (Id. ¶¶ 1-2.) Plaintiff alleges that NYCHA had made several previous attempts to evict her. (Id. ¶¶ 2, 8, 9.) She alleges that defendants have in the past "engaged in a pattern or practice of conduct subjecting plaintiff and family members to excessive force, false arrest, and . . . improper search and seizures." (Id. ¶ 2.) She further alleges that an unspecified supervisor failed to train, supervise, and monitor the police officers. (Id.)

Second, the instant complaint includes six causes of action related to acts in 2006, allegedly committed by individuals who are not named as defendants in this action. Plaintiff states that she received letters related to eviction proceedings from Marshal Katz and Pamela Wollbriht on May 6, 2006 and May 16, 2006. (Id. ¶¶ 3-4.) She alleges that on June 21, 2006, two unidentified police officers knocked on her door and brandished a warrant to search for an abused child. (Id. ¶ 6.) Plaintiff states, "The warrant was not real so I was closing the door when

2

one officer pushed the door with force knocking plaintiff to the floor." (Id.) She alleges that her grandson was "body slammed . . . on the couch" and a telephone was destroyed. (Id.) She further alleges that officers entered the apartment again, a month later, causing plaintiff to go into cardiac arrest and be admitted to a hospital for treatment. (Id. ¶ 7.) None of the named defendants are named in connection with these incidents.

In her prayer for relief, plaintiff seeks unspecified damages and asks that "the doctrine of sovereign immunity be adjudged repugnant to the clause of the First Amendment and declared that plaintiff will not be affected by spurious assertion of the doctrine of sovereign immunity as a jurisdictional bar to lawsuits against the United States Government and federal officials."

## DISCUSSION

### A. Standard of Review

The court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (internal quotation marks omitted), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**B. Supervisory Officials**

Plaintiff alleges that defendants' actions violated her civil rights. A claim for violations of constitutional rights is cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). A Section 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. Thus, supervisory officials cannot be held liable for the constitutional violations of their subordinates. Id.

Plaintiff names several supervisory defendants, including the Commissioner of the New York City Police Department, the "Supervising Officer of 61 Precinct," the Mayor of New York City, the "Departmental Supervising Officer[s]" of the NYPD, the Governor of New York State, and the Corporation Counsel for the City of New York. She does not allege that these individuals were personally involved in the alleged violations of her constitutional rights. Accordingly, the claims against them are dismissed.

The City of New York also must be dismissed as a defendant. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). Although plaintiff alleges "a pattern or practice of conduct" toward herself and her family, she does not adequately allege that a municipal policy attributable to the City of New York caused the deprivation of her civil rights.

C. **The December 4, 2009 Eviction**

Plaintiff's claims regarding the December 4, 2009 eviction do not rise to the level of a deprivation of her constitutional rights. Although the provision of public housing is not a constitutional entitlement, tenants in public housing are entitled to due process of law before they can be deprived of continued tenancy. See, e.g., Escalera v. New York City Housing Authority, 425 F.2d 853, 861 (2d Cir. 1970) ("The government cannot deprive a private citizen of his continued tenancy, without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."); Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (procedural due process protects property rights created by state law); Thomas v. Cohen, 304 F.3d 563, 576-80 (6th Cir. 2002) (summary eviction in violation of the state's procedural requirements violated the tenant's due process rights). In this case, plaintiff received all of the procedural protections that she was due. She received the 72-hour notice required by state law, in the form of the Marshal's Notice of Eviction dated November 5, 2009. Plaintiff does not

5

contest the validity or service of this notice, nor does she allege that she sought or received a court order staying the eviction prior to December 4, 2009. Accordingly, the Court finds that she has no basis for a due process claim nor any other grounds for relief against the remaining defendants. See Oliver, No. 10-CV-3204 (ARR), 2011 WL 839110.

### D. The June 21, 2006 Incident

Plaintiff's allegations regarding the incident that occurred on June 21, 2006 could suggest a potential claim for excessive force or destruction of property. However, plaintiff does not name any defendants who could be held responsible for this incident. She states that "two John Doe Police Officers" entered her apartment, but these individuals are not named as defendants. Moreover, this claim appears to be untimely.

In New York, the statute of limitations for actions brought pursuant to Section 1983 is three years. Owens v. Okure, 488 U.S. 235, 249-51 (1989) (the most appropriate statute of limitations in a Section 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (the statute of limitations for § 1983 actions in New York is three years, under N.Y. C.P.L.R. § 214(5)). Generally, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has suffered. Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quoting Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)). Claims for excessive force accrue on the date the force is used. See Daniel v. Safir, 175 F. Supp. 2d 474, 480 (E.D.N.Y. 2001).

In rare cases, the principle of equitable tolling may prolong the allowable time for filing a complaint under § 1983. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (citing Doe v.

6

Menefee, 391 F.3d 147, 159 (2d Cir. 2004)). To obtain the benefit of equitable tolling, a plaintiff must demonstrate that "extraordinary circumstances prevented [him] from timely performing a required act" and that he "acted with reasonable diligence throughout the period he [sought] to toll." Id. Alternatively, the statute of limitations may be tolled if "the person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208.

Plaintiff alleges that the unnamed officers entered her home, knocking her to the floor and destroying her telephone, on June 21, 2006. To the extent that plaintiff could allege a deprivation of her constitutional rights stemming from this incident, the statute of limitations for such claims expired on June 21, 2009. Plaintiff has not asserted any basis for tolling the statute of limitations.

In light of her pro se status, plaintiff should have an opportunity to demonstrate why her claims should not be dismissed as time-barred by the statute of limitations. See Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (district court should not dismiss a pro se prisoner's complaint on the basis of an anticipated statute-of-limitations defense without first granting notice and an opportunity to be heard). If plaintiff fails to demonstrate the timeliness of her claims, after notice of her need to do so, "the court may rule on the expiration of the statute of limitations sua sponte." Sanzone v. Donovan, No. 09-CV-2878 (KAM), 2010 WL 4668338, at *3 (E.D.N.Y. Nov. 9, 2010); see Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (a sua sponte dismissal on statute of limitations grounds may be appropriate where "the suit is dismissed at the threshold, before any time or expense has been expended.")

## CONCLUSION

For the reasons stated above, the court finds that plaintiff has failed to state a claim against the named defendants regarding the December 4, 2009 eviction. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's pro se status, plaintiff is given an opportunity to re-plead her claims related to the June 21, 2006 incident, by filing an amended complaint within 30 days of the date of this order. The amended complaint must name as defendants the individuals involved in the incident. Even if plaintiff does not know the names or badge numbers of the officers involved, she may name them as "John Doe Police Officer #1" or the like and provide any identifying information that she can recall. Plaintiff must show that her claims are timely, by providing any basis she may have for tolling the three-year statute of limitations. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order.

No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to comply with this order within the time allowed, her claims shall be dismissed as untimely filed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

---
ALLYNE R. ROSS
United States District Judge

Dated: May 2, 2011
      Brooklyn, New York

SERVICE LIST

       <u>Pro Se Plaintiff</u>
       Sylvia Oliver
       2364 Batchelder Street
       Apt. 4C
       Brooklyn, NY 11229